UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS L. HAMMONDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1476 CDP |
| | ) | |
| UNION ELECTRIC CO., d/b/a | ) | |
| AMERENUE MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Thomas Hammonds has brought suit against his former employer, Union Electric Co., doing business as AmerenUE Missouri, alleging multiple forms of employment discrimination.  The complaint alleges discrimination on the basis of disability, sex, and race, and appears to include claims of adverse employment action, harassment/hostile work environment, failure to accommodate, and retaliation.  Ameren has moved to dismiss all of Hammonds' claims except discrimination and harassment on the basis of disability.  Ameren argues that Hammonds' Charge of Discrimination filed with the EEOC only alleged disability discrimination, and thus Hammonds failed to exhaust his administrative remedies for all other claims.  I agree, and will grant Ameren's motion to dismiss.

**Background**

Thomas Hammonds is an African American male who claims to have a number of physical and emotional disabilities, including sleep apnea, allergic rhinitis, esophageal reflux, hepatitis, peripheral retinal degeneration, hyper-extended right knee, depression, obsessive compulsive disorder, and post trauma stress disability.  Hammonds was employed by Ameren from August of 1982 until his termination on April 15, 2011.  In the fall of 2010, Hammonds received a poor performance review by Jim Jackson, presumably a supervisor of his.  Hammonds, apparently believing this to be unwarranted and discriminatory, reported the incident.  Hammonds alleges that a pattern of harassment ensued, including Ameren's failure to adequately respond to his grievances and retaliating against Hammonds for reporting the discriminatory behavior.  The complaint further alleges that Hammonds informed Ameren of his disabilities and need for periods of rest, but that these accommodations were denied to him.  Hammonds was ultimately fired, which he alleges to be a further discriminatory act.

On April 26, 2011, Hammonds filed a Charge of Discrimination form with the EEOC.  For "Circumstances of Alleged Discrimination," he checked only the box labeled "Disability."[1]  In the narrative part of the form, Hammonds wrote that he was "subjected to unwarranted harassment."  He cited a suspension and his

---

[1] The other boxes listed on the form are Race, Color, Sex, Religion, National Origin, Retaliation, Age, Genetic Information, and Other.

termination as the manifestations of discrimination, and stated that he was discriminated against "due to my disability." The EEOC issued Hammonds a right to sue letter on June 28, 2011. He filed his complaint in this court on August 24, 2011. Ameren now moves to dismiss all of Hammonds' claims except those for disability discrimination and harassment, arguing that none of the remaining claims appear in Hammonds' EEOC Charge.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 545.

Ameren argues that all of Hammonds' claims except disability discrimination and harassment should be dismissed because they were not raised in his EEOC Charge of Discrimination. Exhaustion of administrative remedies entitling a claimant to bring a cause of action under Title VII or the ADA "requires a claimant to give notice of all claims of discrimination in the administrative complaint." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000); *see also Randolph v. Rodgers*, 253 F.3d 342, 346-47 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"). A plaintiff may thereafter "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998). Though the allegations in the administrative complaint must be construed liberally, *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1998), "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . . " *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (internal quotation marks and citation omitted).

Hammonds only checked the "disability" box in his EEOC Charge. The only claim he made in the narrative portion was that he was discriminated against "due

to my disability." This is not sufficient to preserve his sex or racial discrimination claims, retaliation claims, or claims for failure to accommodate. A claim for disability discrimination, without more, is not like or reasonably related to sex or race discrimination, *Tyler v. Univ. of Ark. Bd. of Trustees*, 628, F.3d 980, 989 (8th Cir. 2011) (quoting *Williams*, 21 F.3d at 222), retaliation, *Ewing v. Fresh Ideas Mgmt. LLC*, No. 4:07CV1068CEJ, 2007 WL 4210062 at *4 (E.D. Mo. Nov. 27, 2007) (citing *Stuart*, 217 F.3d at 631), or failure to accommodate. *See McNeil v. Metro*, 748 F. Supp. 2d 1047, 1057 (E.D. Mo. 2010); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). Ameren therefore cannot be said to have been put on notice of any of the above claims, and so the claims have not been preserved.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#5] is granted. Plaintiff's claims for retaliation, failure to accommodate, and race and sex discrimination are dismissed with prejudice. Only plaintiff's claims for discrimination and harassment on the basis of disability remain.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2011.